UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civ. No. |
| | ) |
| Advanced Thermal Technologies, LLC, and | ) |
| James W. Connell, III, | ) |
| | ) |
| Defendants. | ) |

## **COMPLAINT**

Plaintiff United States of America ("United States") alleges as follows:

1.       This is a civil action brought by the United States against Advanced Thermal

Technologies, LLC ("ATT"), and its President, James W. Connell, III ("Connell"), to recover

treble damages and civil penalties for their knowing violations of the False Claims Act, 31

U.S.C. § 3729 *et seq.* ("FCA") and to recover damages under the common law doctrines of

fraud, unjust enrichment, and payment under mistake of fact.

2.       Defendants violated the FCA and the common law by engaging in a lengthy

and persistent pattern of fraudulent conduct to obtain significant funds from federal research

and development awards, during the period 2007 to 2013, from the National Science

Foundation ("NSF") and the United States Department of Energy ("DOE").  Defendants

received these funds as a result of their false certifications of compliance with NSF's and

DOE's financial management system requirements and by submitting false claims and false

statements regarding use of the award funds when they failed to account for the labor costs

that they claimed, when they paid Connell at inflated labor rates significantly above the

amounts disclosed to and approved by NSF, and when they made claims for reimbursement from NSF awards for expenditures after the funded projects had been completed.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the claims brought under the False Claims Act pursuant to 31 U.S.C. § 3730(a) and 28 U.S.C. §§ 1331 and 1345, and over the remaining claims pursuant to 28 U.S.C. §§ 1345 and 1367(a).

4.      Venue lies in this District pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. §§ 1391(b) and (c) because defendants reside and conduct business in this District and the acts complained of took place in this District.

## PARTIES

5.      Plaintiff is the United States on behalf of its agencies, NSF and DOE, that award and administer federal research grants.  NSF is an agency of the United States whose purpose is to promote the progress of science and to advance the national health, prosperity, and welfare by supporting research and education in science and engineering.  DOE is an agency of the United States whose purpose includes addressing America's energy, environmental and nuclear challenges through transformative science and technology solutions.

6.      Defendant ATT is a for-profit small business located at 91 South Street, Upton, Massachusetts.

7.      Defendant Connell is a resident of Massachusetts and has at all times relevant to this Complaint been the President and Chief Operating Officer of ATT.  Defendant Connell submitted all of ATT's applications for NSF and DOE awards and made all of the false claims and false statements that are the subject of this Complaint.

2

## THE LEGAL FRAMEWORK

8.      The FCA prohibits knowingly presenting, or causing to be presented, a false or fraudulent claim for payment or approval, 31 U.S.C. § 3729(a)(1)(A), and knowingly making, using, or causing to be made or used, a false record or statement material to a false or fraudulent claim.  31 U.S.C. § 3729(a)(1)(B).  The term "knowingly" under the FCA means that a person, with respect to information, (i) has actual knowledge of the falsity of the information, (ii) acts in deliberate ignorance of the truth or falsity of the information, or (iii) acts in reckless disregard of the truth or falsity of the information.  31 U.S.C. § 3729(b).

9.      The United States, through NSF and DOE, sets aside a fraction of its research and development funding to grant awards, on a competitive basis, to small businesses.  Its Small Business Innovation Research ("SBIR") awards and Small Business Technology Transfer ("STTR") awards are granted for the purpose of stimulating technological innovation and bringing research results into commercial use.  Small businesses that win these awards are entitled to keep the rights to any technology that they develop.

10.     In connection with making SBIR and STTR awards, NSF and DOE require award applicants to undergo a pre-award financial review in which applicants certify that their financial management systems are in compliance with the standards for financial management systems required by the agencies.  48 CFR § 31.201-02; 10 CFR § 600.311.

11.     Pursuant to 48 C.F.R. § 31.201-02 and 10 CFR § 600.311, awardees are required to have accounting systems and timekeeping systems that maintain records, including supporting documentation, adequate to demonstrate that the costs claimed against the awards were incurred, were allocable to the awards, and complied with applicable cost principles.  Award grantees are charged with "full responsibility . . . for adherence to the award conditions."  NSF SBIR/STTR Phase I Grant General Conditions (October 2010); NSF SBIR

Phase II Grant General Conditions (October 2004); General Terms and Conditions for DOE

SBIR and STTR Phase I and Phase II Grants, SBIR/STTR-GTC-0002 (January 2012);

General Terms and Conditions for DOE SBIR and STTR Phase I and Phase II Grants,

SBIR/STTR-GTC-000 (January 2013).

12.     Pursuant to NSF regulations, awardees are required to document and justify

each line item of the award budgets that they propose to NSF.  NSF Proposal & Award

Policies & Procedures Guide, 11-1, Award & Administration Guide, Chapter II.C.2.g.  Their

budget proposals and justifications are required to disclose the rates to be paid to individual

senior personnel and other professionals.  NSF Proposal & Award Policies & Procedures

Guide, 11-1, Award & Administration Guide, Chapter II.C.2.g(i)(c).  NSF relies on these

disclosures to determine the amount of each award, which sets forth an approved budget, by

category of costs.  NSF 11-691, SBIR Phase I Solicitation FY-2011; NSF 07-586,

SBIR/STTR Phase I Solicitation FY-2008.

13.     Awardees are required to prepare and maintain time and effort reports for each

professional employee documenting the specific salary charges to the award and

demonstrating that the employee actually performed the work and that the work related to the

award to which it was charged.  48 C.F.R. § 31.201-02; NSF SBIR/STTR Phase I Grant

General Conditions (October 2010); NSF SBIR Phase II Grant General Conditions (October

2004); Financial Management Systems Questionnaire signed by Connell on 5/9/2008.

14.     Pursuant to NSF regulations, awardees are required to accurately disclose the

compensation rates of their professional employees.  The NSF approves an award budget

based, in part, on the rates disclosed, and an awardee is prohibited from using award funds to

inflate a compensation rate without NSF approval.  NSF Proposal & Award Policies &

Procedures Guide, 11-1, Award & Administration Guide, Chapter III.B.1.

15.     Pursuant to NSF regulations, awardees are prohibited from expending any

award funds after the award project has been completed, that is, after the final termination and

approval of the award project.  NSF Proposal & Award Policies & Procedures Guide, 11-1,

Award & Administration Guide, Chapter V.A.2c.

16.     Awardees receive their final payment under NSF awards upon submission and

acceptance of their final project report at the end of the project.  With this report, awardees

must certify that "the work for which payment is hereby requested was performed in

accordance with the award terms and conditions and that payment is due."  NSF SBIR/STTR

Phase I Report Cover Page; NSF SBIR/STTR Phase II Report Cover Page; NSF SBIR/STTR

Phase I Grant General Conditions (October 2010); NSF SBIR Phase II Grant General

Conditions (October 2004).

17.     Pursuant to DOE regulations, awardees are required to maintain a financial

management system that documents and supports the distribution of employees' salaries and

wages for the particular award.  10 C.F.R. § 600.311.  The distribution of employees' salaries

and wages must be supported by personnel activity reports that reflect the actual activity of

each employee and that account for the total activity for which each employee is compensated

for each pay period; 10 C.F.R. § 600.311(a)(4); that is, the awardee is required to maintain

time and labor reporting.

**DEFENDANTS' RESEARCH AWARDS**

18.     Since 2008, defendants have received over $3 million in federal funds under eight SBIR and STTR research grant awards from NSF and DOE.  The awards were granted in response to defendants' proposals to identify and develop different materials and methods for dissipating the heat generated by high power electronics.  For example, defendants received awards for research and development of "Low-Cost Hot Press Die Casting of Graphite-Metal Materials" and "Low Thermal Resistance Integrated Package and Heat Sink for HEV IGBT Modules."

19.     Defendant Connell was the Principal Investigator for each of these awards.  As Principal Investigator, Connell was responsible for the award proposals, management of the projects, reports, submission of claims for funds on the awards, and certifications of compliance with NSF and DOE financial management requirements.

20.     Defendants were familiar with NSF's and DOE's requirements.  They had been applying for and receiving NSF and DOE awards since 2004.  The Grant Letters that defendants received from NSF and DOE stated the terms and conditions of the awards, and the terms and conditions were available on public websites.  Defendant Connell received in-person training on the terms and conditions of the awards.

## DEFENDANTS' CERTIFICATIONS OF COMPLIANCE
## WITH AWARD REQUIREMENTS

21.     In submitting award proposals to NSF, defendant Connell certified, on June 10,

2011, and on other occasions, that he agreed "to comply with NSF award terms and

conditions."

22.     Defendant Connell certified to NSF on May 9, 2008, that defendant ATT had

(a) an adequate accounting system to track the expenditure of federal funds; (b) an adequate

timekeeping system to document efforts expended by employees on all company  projects,

including time distribution records maintained by each employee; and (c) documents in

support of all budgeted line items in its Phase II proposal.  Defendant Connell certified that

ATT was "familiar with the time and effort reporting requirements related to Federal awards

made to your type of organization [a for-profit entity]," and he provided to NSF a sample

ATT timesheet and procedures for completing timesheets and allocating salary and wage

charges to federal awards.  Defendant Connell certified to NSF on May 22, 2013, and on other

occasions, that the work for which defendants claimed payments under the awards was in

accordance with the award terms and conditions.

23.     Defendant Connell certified to DOE, on June 31, 2010, and on other occasions,

that he had knowledge of the requirements for financial management of award funds and that

ATT's financial managements system complied with the required standards, which included

time and effort reporting for each employee.

24.     Despite Connell's certifications, defendants did not have a financial

management system to demonstrate that the costs claimed against the awards were incurred,

were allocable to the awards, and complied with applicable cost principles.

7

25.     Relying on Connell's certifications, NSF and DOE approved the grant awards for which Connell had applied.

**DEFENDANTS' CLAIMS TO NSF AND DOE FOR UNSUPPORTED LABOR COSTS**

26.     Defendants made claims for payment under five NSF and DOE awards during the period 2008 to 2013 for the labor costs of Connell and three other ATT professional employees, when defendants failed to prepare and maintain time and effort reports for each employee, so that defendants could not demonstrate that the hours of work that they claimed were actually performed and related to the awards, as to:

     (a)   DOE Award No. DE-SC0008356;

     (b)   NSF Award No. IIP-0823012;

     (c)   NSF Award No. IIP-0646263;

     (d)   DOE Award No. DE-SC0004703; and

     (e)   DOE Award No. DE-FG02-06ER84523;

contrary to defendants' express certifications that their claims were in accordance with agency terms and conditions and that they would maintain and had maintained adequate time and effort documentation.

27.     Relying on defendants' certifications of compliance with agency requirements, NSF and DOE paid the full amount of the labor costs that defendants claimed, resulting in payment of funds for labor costs that were unsupported.

**DEFENDANTS' CLAIMS TO NSF FOR INFLATED LABOR RATES FOR CONNELL**

28.    Defendants made claims for payment under NSF awards during the period 2008-2013 for the costs of defendant Connell's personal labor at rates that defendants never disclosed to NSF and that were substantially higher than the $55 hourly rate that defendants had included in the award budget submitted to and approved by NSF, as to:

(a)  NSF Award No. IIP-1142839;

(b) NSF Award No. IIP-0930393;

(c) NSF Award No. IIP-0823012;

(d) NSF Award No. IIP-0810531; and

(e) NSF Award No. IIP-0646263,

resulting in substantial inflation of costs for Connell's personal labor, contrary to defendants' express certifications that the claimed payments were in accordance with the award terms and conditions, and that "All of the funds committed to . . . [ATT's] award, including all associated supplemental awards, have been fully expended as designated in the grant budget."

29.    Relying on defendants' certifications of compliance with agency requirements, NSF paid the full amount of the costs that defendants claimed, resulting in payment of substantially inflated, unapproved labor costs for Connell.

**DEFENDANTS' CLAIMS TO NSF FOR COSTS AFTER
FUNDED PROJECTS HAD BEEN COMPLETED**

30.    Defendants made claims on NSF awards during the period 2008-2013 for costs incurred after the award projects had been fully concluded as to:

(a) NSF Award No. IIP-1142839;

(b) NSF Award No. IIP-0930393;

(c) NSF Award No. IIP-0810531; and

(d) NSF Award No. IIP-0646263,

contrary to defendants' express certifications that their claims were in accordance with award terms and conditions that prohibited expenditure of award funds after completion of the award project, and that "All of the funds committed to this award, including all associated supplemental awards, have been fully expended as designated in the grant budget."

31.     Relying on defendants' certifications of compliance with agency requirements, NSF paid the full amount of the costs that defendants claimed, resulting in payments to defendants for costs that were not associated with the NSF-funded award.

## COUNT ONE

### Violations of the False Claims Act (31 U.S.C. § 3729(a)(1)(A))
### Presenting False Claims for Payment

32.     The United States incorporates by references each of the preceding paragraphs.

33.     The United States seeks relief against defendants under Section 3729(a)(1)(A) of the False Claims Act, 31 U.S.C. § 3729(a)(1)(A).

34.     As set forth above, defendants knowingly certified to an officer, employee, or agent of the United States on June 10, 2011, June 31, 2010, and May 9, 2008, among other occasions, that they had a financial management system to control and document expenditure of award funds.

35.     As set forth above, defendants knowingly presented to an officer, employee, or agent of the United States, false and fraudulent claims for the purpose of obtaining payment or

approval in connection with NSF award numbers IIP-1142839; IIP-0930393; IIP-0823012;

IIP-0810531; and, IIP-0646263; and DOE awards numbers DE-SC0008356; DE-SC0004703;

and, DE-FG02-06ER84523, to wit:

    (a)  Defendants certified to NSF that they were in compliance with NSF award

terms and conditions; and they certified, on May 23, 2013, June 5, 2013,

September 14, 2009, April 28, 3010, June 20, 2011, February 25, 2009, and

on at least sixteen other occasions, that all of the NSF award funds that

they received had been fully expended as designated in the award budgets

approved by NSF, when, as pleaded above, defendants failed to support

claimed labor costs for the awards, paid labor costs for defendant Connell's

personal labor that were substantially in excess of the rate approved by

NSF, and expended award funds for purposes other than the awards; and

    (b)  Defendants certified to DOE that they were in compliance with DOE award

terms and conditions, on July 20, 2013, May 29, 2012, and June 21, 2010,

and on other occasions, when, as pleaded above, they failed to support

claimed labor costs for the awards.

36.    As a result of defendants' certifications that they were in compliance with the

NSF's and DOE's requirements, the United States, unaware of the falsity of the claims,

awarded defendants the grants described herein and paid defendants the amounts that

defendants claimed on the awards.

37.    As a result of these false claims, the United States has been damaged in a

substantial amount to be determined at trial.

## COUNT TWO

### Violations of the False Claims Act (31 U.S.C. § 3729(a)(1)(B))
### Use of False Statements

38.     The United States incorporates by reference each of the preceding paragraphs.

39.     The United States seeks relief against defendants under Section 3729(a)(1)(B) of the False Claims Act, 31 U.S.C. § 3729(a)(1)(B).

40.     As set forth above, defendants knowingly submitted to an officer, employee, or agent of the United States on June 10, 2011, June 31, 2010, and May 9, 2008, among other occasions, false and fraudulent statements that they had a financial management system to control and document expenditure of award funds.

41.     As set forth above, defendants knowingly presented to an officer, employee, or agent of the United States, false and fraudulent statements for the purpose of obtaining payments or approval in connection with NSF award numbers IIP-1142839; IIP-0930393; IIP-0823012; IIP-0810531; and, IIP-0646263; and DOE awards numbers DE-SC0008356; DE-SC0004703; and, DE-FG02-06ER84523, to wit:

> (a) Defendants certified to NSF that they were in compliance with NSF award terms and conditions; and they certified, on May 23, 2013, June 5, 2013, September 14, 2009, April 28, 3010, June 20, 2011, February 25, 2009, and on at least sixteen other occasions, that all of the NSF award funds that they received had been fully expended as designated in the award budgets approved by NSF, when, as pleaded above, defendants failed to support claimed labor costs for the awards, paid labor costs for defendant Connell's personal labor that were substantially in excess of the rate approved by NSF, and expended award funds for purposes other than the awards.

(b) Defendants certified to DOE that they were in compliance with DOE award

terms and conditions on July 20, 2013, May 29, 2012, and June 21, 2010,

and on other occasions, when, as pleaded above, they failed to support

claimed labor costs for the awards.

42.     As a result of defendants' statements that they were in compliance with the

NSF's and DOE's requirements, the United States, unaware of the falsity of the statements,

awarded defendants the grants described herein and paid defendants the amounts that

defendants claimed on the awards.

43.     As a result of these false statements, the United States has been damaged in a

substantial amount to be determined at trial.

## COUNT THREE

### Common Law Fraud

44.     The United States incorporates by reference each of the preceding paragraphs.

45.     As set forth above, defendants made material misrepresentations of fact to the

United States with knowledge of their falsity, or in reckless disregard of their truth, in

connection with NSF award numbers IIP-1142839; IIP-0930393; IIP-0823012; IIP-0810531;

and, IIP-0646263; and DOE award numbers DE-SC0008356; DE-SC0004703; and DE-FG02-

06ER84523.

46.     The United States made substantial payments of money to defendants pursuant

to these fraudulent statements and in justifiable reliance on them.

47.     Defendants' actions caused the United States to be damaged in a substantial

amount to be determined at trial.

## COUNT FOUR

### Unjust Enrichment

48.     The United States incorporates by reference each of the preceding paragraphs.

49.     The United States seeks relief against defendants to recover monies that the United States paid in connection with defendants' submission of false claims and false statements in connection with NSF award numbers IIP-1142839; IIP-0930393; IIP-0823012; IIP-0810531; and, IIP-0646263; and DOE award numbers DE- SC0008356; DE-SC0004703; and, DE-FG02-06ER84523; and false statements as to these awards.  Defendants were not entitled to these payments and were unjustly enriched.  The circumstances of defendants' receipt of these payments are such that, in equity and good conscience, defendants should not retain these payments, the amount of which is to be determined at trial.

## COUNT FIVE

### Payment by Mistake

50.     The United States incorporates by reference each of the preceding paragraphs.

51.     The United States seeks relief against defendants to recover monies that the United States paid by mistake of fact in connection with defendants' submission of false claims and false statements on NSF award numbers IIP-1142839; IIP-0930393; IIP-0823012; IIP-0810531; and, IIP-0646263; and DOE award numbers DE-SC0008356; DE-SC0004703; and, DE-FG02-06ER84523, and all monies paid as a result of these awards.

52.     The defendants were not entitled to these payments and the United States paid defendants under the grants by mistake of fact upon sworn representation by defendants that they were entitled to the payments under the terms and conditions of the awards.

53.     The United States was damaged in a substantial amount to be determined at trial.

14

WHEREFORE, The United States requests that judgment be entered in favor of the United States and against defendants as follows:

(a) On the First and Second Counts (Violations of the False Claims Act, 31 U.S.C.§ 3729(a)(1) and (2)), for treble the United States' damages, in an amount to be determined at trial, plus the statutory penalty for each false claim presented;

(b) On the First and Second Counts, an award of costs pursuant to 31 U.S.C. § 3729(a);

(c) On the Third Count (Common Law Fraud), in an amount to be determined at trial, together with costs and interest;

(d) On the Fourth Count (Unjust Enrichment), in an amount to be determined at trial, together with costs and interest;

(e) On the Fifth Count (Payment under Mistake of Fact), in an amount to be determined at trial, together with costs and interest; and

(f) Awarding such further relief as is proper.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

*/s/ Anita Johnson*
ANITA JOHNSON
Assistant U.S. Attorney, BBO 565540
United States Attorney's Office
Suite 9200
Moakley United States Courthouse
One Courthouse Way
Boston MA 02210
617-748-3100
Anita.johnson@usdoj.gov

DATED:  March 20, 2018.

## CERTIFICATE OF SERVICE

I certify that paper copies of this document filed through the ECF system will be sent to the defendants not electronically registered on the ECF system on March 20, 2018.

*/s/ Anita Johnson*

March 20, 2018                                        Anita Johnson